ACCEPTED
02-15-00181-CR
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
12/25/2015 10:59:31 AM
DEBRA SPISAK
CLERK

LAW OFFICES OF

# CHRIS RAESZ, P.C.

306 NORTH CARROLL BLVD.
DENTON, TEXAS 76201

940.380.9505
FAX 940.382.2065

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS

12/28/2015 12:00:00 AM

DEBRA SPISAK
Clerk

December 22, 2015

Shamica Roberson
535 Northedge Dr
Allen, TX 75002

Re: No. 02-15-00181-CR; *Roberson v. State of Texas*

Dear Ms. Roberson:

In the event the Court of Appeals affirms your conviction:

Rehearing



Petition for Discretionary Review

The next procedural step in your appellate process after the above is the filing of a petition for discretionary review.

The only way a party can bring a case before the Court of Criminal Appeals is by petition for discretionary review, except for cases involving extraordinary writs and direct appeals in death penalty cases. The Court of Criminal Appeals has the discretionary power to review decisions of the courts of appeals in criminal cases [ T.R.A.P. 66 ].

Discretionary review is not a matter of right but a matter resting solely within the sound judicial discretion of the Court of Criminal Appeals. There is no specific type of court of appeals decision

that the Court of Criminal Appeals must review. However, the Court has promulgated the following guidelines to indicate the character of reasons that will most generally be considered to justify discretionary review:

1. The court of appeals' decision conflicts with the decision of another court of appeals on the same matter.

2. The court of appeals decided an important question of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals.

3. The court of appeals decided an important question of state or federal law in conflict with the applicable decisions of the Court of Criminal Appeals or the United States Supreme Court.

4. The court of appeals declared unconstitutional, or appears to have misconstrued, a statute, rule, regulation, or ordinance.

5. The justices of the court of appeals disagreed on a material question of law necessary to the court's decision.

6. The court of appeals' decision departed so far from the accepted and usual course of judicial proceedings, or sanctioned such a departure by a lower court, as to call for the exercise of the Court of Criminal Appeals' power of supervision.

Although these reasons constitute a guideline, they are not controlling and they do not fully measure the Court's discretion. For example, the Court has also granted discretionary review to consider decisions from the courts of appeals concerning the sufficiency of the evidence in particular cases.

As long as it appears that the lower court has discharged its duty of review conscientiously by impartial application of pertinent legal doctrine and fair consideration of the evidence, it is the duty of the Court of Criminal Appeals to respect judgments of the courts of appeals. Except under compelling circumstances, ultimate responsibility for the resolution of factual disputes does not lie in the Court of Criminal Appeals.

Right to Counsel

The right to appointed counsel on appeal applies only to the initial direct review of a criminal conviction. An attorney appointed to represent an indigent appellant has no legal obligation to

prepare a petition for discretionary review on the appellant's behalf. Nor is there any constitutional or statutory mandate that a different attorney be appointed for the specific purpose of preparing a petition for discretionary review. (The law is clear that I have no obligation to file a P.D.R. on your behalf. See, for example, *Ex Parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Peterson v. Jones*, 894 S.W.2d 370 (Tex. Crim. App. 1995); and *Ayala v. State*, 633 S.W.2d 526 (Tex. Crim. App. 1982). *See also, Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), and *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).) Consequently, my appointment by the trial court as your appeal lawyer for one appeal only to the Court of Appeals will be concluded in the event the Court of Appeals affirms your conviction. The trial court will not continue me as your appointed lawyer for any further appeals, therefore, I will no longer represent you in this matter unless I was retained by you or by someone acting on your behalf.

Procedural Steps for the Petition for Discretionary Review

You may file a pro se P.D.R. on your own behalf if you wish to do so. The petition for review must be filed with the clerk of the court of criminal appeals within 30 days after the judgment is entered or within 30 days after the day the last timely motion for rehearing is overruled. The original of the petition and 11 copies should be filed. At the time the petition is filed, the petitioner must deliver copies of it to the attorney of record for the opposing party and to the State Prosecuting Attorney. Any motion for extension of time to file the Petition for Discretionary Review must be filed with the Court of Criminal Appeals.

The petition for discretionary review should be as brief as possible. It must also contain a prayer for relief that clearly states the nature of the relief requested. The petition must include an appendix containing copies of any opinions that were delivered by the court of appeals on rendering the judgment for which discretionary review is sought.

The grounds for review alleged in the petition should be limited in scope to the points of error that were presented to the court of appeals. As a general rule, the Court of Criminal Appeals will not review a claim in the petition that was not initially presented to the court of appeals [*see Lambrecht v. State*, 681 S.W.2d 614, 616 (Tex. Crim. App. 1984); *see also Farrell v. State*, 864 S.W.2d 501, 503 (Tex. Crim. App. 1993)--argument that court of appeals erred in failing to reform judgment to find defendant guilty of lesser offense could not be raised for first time in state's petition for review or an assertion by the state that the defendant did not properly preserve an error for review. *Tallant v. State*, 742 S.W.2d 292, 294 (Tex. Crim. App. 1987)].



However, the Court may review fundamental error that is raised for the first time in the petition for review [see *Lopez v. State*, 708 S.W.2d 446, 449 (Tex. Crim. App. 1986).



You should be aware of the following information:

_____

If the Court of Criminal Appeals should grant your P.D.R., it is my understanding that you would then receive appointed counsel to represent you before that Court. If the Court of Criminal Appeals declines to hear your case, or hears your case and affirms, you may file a petition for certiorari in the U.S. Supreme Court, asking that Court to hear your case. You can obtain more information about how to file a petition for certiorari by writing to the Court at the following address: U.S. Supreme Court, 1 First Street N.E., Washington, D.C. 20543. I am enclosing a copy of Texas Rule of Appellate Procedure 68 for your use. I wish you well.

Sincerely,

CHRIS RAESZ, P.C.

Chris Raesz

encl.

# Rule 68. Discretionary Review With Petition

### 68.1. Generally

On petition by any party, the Court of Criminal Appeals may review a court of appeals' decision in a criminal case.

### 68.2. Time to File Petition

(a)  *First Petition*. The petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court ofappeals.

(b)  *Subsequent Petition*. Even if the time specified in (a) has expired, a party who otherwise may file a petition may do so within 10 days after the timely filing of another party's petition.

(c)  *Extension of Time*. The Court of Criminal Appeals may extend the time to file a petition for discretionary review if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last day for filing the petition.  The Court of Criminal Appeals may extend the time to file a response or reply if a party files a motion complying with Rule 10.5(b) either before or after the response or reply is due.

### Notes and Comments

Comment to 2011 change: The amendment to Rule 68.2(a) resolves timely filing questions concerning motions for en banc reconsideration by including those motions in calculating time to file.

### 68.3. Where to File Petition

(a)   The petition and all copies of the petition must be filed with the clerk of the Court of Criminal Appeals.

(b)   Petition Filed in Court of Appeals. If a petition is mistakenly filed in the court of appeals, the petition is deemed to have been filed the same day with the clerk of the Court of Criminal Appeals, and the court of appeals clerk must immediately send the petition to the clerk of the Court of Criminal Appeals.

### Notes and Comments

Comment to 2011 change: Rule 68.3 is changed to require petitions for discretionary review to be filed in the Court of Criminal Appeals rather than in the court of appeals. With the deletion of Rule 50, there is no reason to file petitions in the court of appeals. Rule 68.3(b) is added to address and prevent the untimely filing of petitions for discretionary review that are incorrectly filed in the court of appeals rather than in the Court of Criminal Appeals.

### 68.4. Contents of Petition

A petition for discretionary review must be as brief as possible. It must be addressed to the "Court of Criminal Appeals of Texas" and must state the name of the party or parties applying for review. The petition must contain the following items:

(a)  *Table of Contents*. The petition must include a table of contents with references to the pages of the

petition. The table of contents must indicate the subject matter of each ground or question presented for review.

(b) *Index of Authorities*. The petition must include an index of authorities arranged alphabetically and indicating the pages of the petition where the authorities are cited.

(c) *Statement Regarding Oral Argument*. The petition must include a short statement of why oral argument would be helpful, or a statement that oral argument is waived. If a reply or cross-petition is filed, it likewise must include a statement of why oral argument should or should not be heard.

(d) *Statement of the Case*. The petition must state briefly the nature of the case. This statement should seldom exceed half a page. The details of the case should be reserved and stated with the pertinent grounds or questions.

(e) *Statement of Procedural History*. The petition must state:

(1) the date any opinion of the court of appeals was handed down, or the date of any order of the court of appeals disposing of the case without an opinion;

(2) the date any motion for rehearing was filed (or a statement that none was filed); and

(3) the date the motion for rehearing was overruled or otherwise disposed of.

(f) *Grounds for Review*. The petition must state briefly, without argument, the grounds on which the petition is based. The grounds must be separately numbered. If the petitioner has access to the record, the petitioner must (after each ground) refer to the page of the record where the matter complained of is found. Instead of listing grounds for review, the petition may contain the questions presented for review, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of questions should be short and concise, not argumentative or repetitious.

(g) *Argument*. The petition must contain a direct and concise argument, with supporting authorities, amplifying the reasons for granting review. *See* Rule 66.3. The court of appeals' opinions will be considered with the petition, and statements in those opinions need not be repeated if counsel accepts them as correct.

(h) *Prayer for Relief*. The petition must state clearly the nature of the relief sought.

(i) *Appendix*. The petition must contain a copy of any opinion of the court of appeals.

**68.5. Length of Petition and Reply**

The petition must be no longer than 15 pages, exclusive of pages containing the table of contents, the index of authorities, the statement regarding oral argument, the statement of the case, the statement of procedural history, and the appendix. A reply may be no longer than 8 pages, exclusive of the items stated above. The Court may, on motion, permit a longer petition or reply.

**68.6. Nonconforming Petition**

The Court may strike, order redrawn, or summarily refuse a petition for discretionary review that is unnecessarily lengthy or that does not conform to these rules.

**68.7. Court of Appeals Clerk's Duties**

Within 15 days of receiving notice of the filing of a petition for discretionary review from the clerk of the Court of Criminal Appeals, the clerk of the court of appeals must send to the clerk of the Court of Criminal Appeals the record, any motions filed in the case, and copies of any judgments, opinions, and

orders of the court of appeals. The clerk need not forward any nondocumentary exhibits unless ordered to do so by the Court of Criminal Appeals.

**Notes and Comments**

Comment to 2011 change: Rule 68.7(a) and (b) are deleted and (c) is amended to reflect changes consistent with filing the petition and reply in the Court of Criminal Appeals rather than in the court of appeals, and to order the record to be sent to the Court of Criminal Appeals. Additionally, Rule 68.7(c) is amended to delete reference to Rule 50, which is abolished.

### 68.8. Court of Criminal Appeals Clerk's Duties

Upon receipt of the record from the court of appeals, the clerk of the Court of Criminal Appeals will file the record and enter the filing on the docket.

**Notes and Comments**

Comment to 2011 change: Rule 68.8 is amended to reflect changes consistent with filing the petition in the Court of Criminal Appeals.

### 68.9  Reply.

The opposing party has 15 days after the timely filing of the petition in the Court of Criminal Appeals to file a reply to the petition with the clerk of the Court of Criminal Appeals.

**Notes and Comments**

Comment to 2011 change. This Rule is added so that any reply will be filed in the Court of Criminal Appeals since the petition is also filed in the Court of Criminal Appeals.

### 68.10. Amendment

Upon motion the petition or a reply may be amended or supplemented at any time justice requires.

**Notes and Comments**

Comment to 2011 change: This Rule is changed to reflect the filing of the petition and any reply in the Court of Criminal Appeals. Thus, the rule is also changed to require a motion and to delete a time frame because the petition will be filed in the Court of Criminal Appeals.

### 68.11. Service on State Prosecuting Attorney

In addition to the service required by Rule 9.5, service of the petition, the reply, and any amendment or supplementation of a petition or reply must be made on the State Prosecuting Attorney

**Notes and Comments**

Comment to 1997change: This is former Rule 202. Subdivisions (k) and (l) of the former rule have been relocated to Rule 69. The new rule limits the length of a petition and reply. The time for amendment of a petition or reply is increased to conform with the amendment in Rule 50. The rule is otherwise amended without substantive change.

Comment to 2002 change: The original catchline of subdivision 68.4(g) was "Reasons for Review," which caused confusion because of its similarity to the catchline in subdivision 66.3 ("Reasons for Granting Review"). It is changed to "Argument."

Comment to 2011 change: The address for the State Prosecuting Attorney is deleted because it has changed and may change again.



Law Offices of

CHRIS RAESZ, P.C.

306 NORTH CARROLL BLVD.
DENTON, TEXAS 76201

ADDRESS SERVICE REQUESTED

SHAMICA ROBERSON
535 NORTHEDGE DR
ALLEN, TX 75002